UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHARI JAMESON, an individual,<br><br>    Plaintiff,<br>  v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation doing business in Washington State,<br><br>    Defendant. | NO: 4:16-CV-5118-RMP<br><br>ORDER GRANTING MOTIONS TO REMAND |

BEFORE THE COURT are Plaintiff's Motions to Remand, ECF Nos. 6 and 7. Plaintiff appears to have filed the same document twice. The Court has reviewed both copies of the motion, the record, and is fully informed.

## BACKGROUND

Plaintiff's initial Complaint was filed in Benton County Superior Court on March 11, 2016. Notice of Removal, Ex. B, ECF No. 1-4. Subsequently, Plaintiff filed and served upon Defendant a Motion to Amend her Complaint on June 28, 2016, and attached an unsigned copy of her proposed Amended Complaint. Notice

ORDER GRANTING MOTIONS TO REMAND ~ 1

of Removal, Ex. H, ECF No. 1-10.  Within the Amended Complaint, Plaintiff clarified that she is seeking an award of $100,000, an amount that is above the $75,000 threshold to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  *Id*. at 10.  Both in an email to Plaintiff's counsel on June 30, 2016, and in a state court pleading filed July 5, 2016, Defendant stated that it would not oppose Plaintiff's motion to amend the Complaint.  *See* Reply Memorandum, Ex. A, ECF No. 10-1; *see also* Notice of Removal, Ex. M, ECF No. 1-15.  Accordingly, the state court granted the motion to amend on July 8, 2016.  *See* Notice of Removal, Ex. N, ECF No. 1-16.

Defendant argues that it did not receive a copy of that court order and was not served with a copy of the filed Amended Compliant until August 30, 2016.  Worden Decl. at 1-2, ECF No. 9.  Defendant filed its Notice of Removal on August 31, 2016.  *See* Notice of Removal, ECF No. 1.  Plaintiff argues that Defendant's Notice of Removal is untimely, and Plaintiff has moved to remand this case to Benton County Superior Court.  *See* Motions to Remand, ECF Nos. 6 and 7.

## DISCUSSION

The statute governing procedures for removal of civil actions, 28 U.S.C. § 1446, provides in relevant part:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

ORDER GRANTING MOTIONS TO REMAND ~ 2

28 U.S.C. § 1446(b)(3).  This statute is to be strictly construed against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." (citations omitted).  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

In this case, Defendant was served with a copy of the motion to amend the Complaint on June 28, which clearly set out the basis for diversity jurisdiction, *see* Notice of Removal, Ex. H, ECF No. 1-10, and Defendant did not oppose the filing of the proposed Amended Complaint, *see* Notice of Removal, Ex. M, ECF No. 1-15.  Even if the Court were to ignore the statutory language starting the running of the thirty-day time period after service of a "motion," the state court ordered that Plaintiff's proposed Amended Complaint be filed on July 8, 2016, thereby making the case removable at that point.  *See* Notice of Removal, Ex. N, ECF No. 1-16.  Although Defendant argues that it did not receive a copy of the court order until August 30, 2016, *see* Worden Decl. at 2, ECF No. 9, Defendant provided an email chain in which it requested a copy of the order on July 27, 2016, *see* Worden Decl. Ex 1, ECF No. 9-1.  That request demonstrates that Defendant was aware that the order existed as early as July 27, 2016.

Therefore, as early as June 28, 2016, Defendant had seen the proposed Amended Complaint setting the amount in controversy in excess of $75,000 and was aware that the Amended Complaint became effective as demonstrated by the first email asking for the copy of the order granting the motion to amend on July

27, 2016. Whether this Court uses the date when Defendant was served with the motion to amend the Complaint: June 28, 2016; the date when Defendant stated its lack of opposition to the motion by email: June 30, 2016; the date when Defendant filed its lack of opposition to the motion with the Benton County Superior Court: July 5, 2016; the date that the Benton County Superior Court ordered that the proposed Amended Complaint be filed: July 8, 2016; or the date when Defendant acknowledged the existence of that order when it requested a copy from Plaintiff: July 27, 2016, Defendant waited longer than thirty days after the point when it could "first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Therefore, Defendant's Notice of Removal filed on August 31, 2016, ECF No. 1, is untimely, and this case shall be remanded to the Benton County Superior Court.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motions to Remand, **ECF Nos. 6 and 7**, are **GRANTED**.

2. This case is hereby **REMANDED TO THE BENTON COUNTY SUPERIOR COURT**.

The District Court Clerk is directed to enter this Order, provide copies to counsel, and **close this case**.

**DATED** this 7th day of November 2016.

                                      *s/ Rosanna Malouf Peterson*
                                    ROSANNA MALOUF PETERSON
                                         United States District Judge